UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALLAN A. KASSENOFF,

    **Plaintiff**,

v.                                      Case No. 3:23cv24085-TKW-ZCB

ROBERT HARVEY,

    **Defendant**.

_____/

## ORDER REQURING SUPPLEMENTAL BRIEFING

This case is before the Court based on a preliminary review of Defendant's motion to dismiss (Doc. 33) and Plaintiff's response in opposition (Doc. 34). Based on that review, the Court identified a jurisdictional issue that warrants supplemental briefing.

The second amended complaint alleges that this Court has original jurisdiction under 28 U.S.C. §1332. *See* Doc. 27 at ¶8. Defendant disputed this allegation in his motion to dismiss, *see* Doc. 33 at 8-13, and his answer, *see* Doc. 32 at ¶8—at least with respect to the claim in Count V under §784.0485, Fla. Stat. The Court does not find the jurisdictional argument raised in Defendant's motion to dismiss to be

persuasive,[1] but as discussed below, the Court has another jurisdictional concern with Count V.

Where, as here, the operative complaint contains multiple claims, jurisdiction must be assessed on a claim-by-claim basis. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005). If the parties are citizens of different states and the operative complaint contains at least one claim that satisfies the amount-in-controversy requirement, the Court has original jurisdiction over that claim—and original jurisdiction over the action under 28 U.S.C. §1332. *Id.* The presence of other claims in the complaint over which the Court does not have original jurisdiction (because, for example, the claims do not meet the amount-in-controversy

---

[1] Defendant's jurisdictional argument was primarily based on *Harvick v. Oak Hammock Preserve Comm. Owners Ass'n, Inc.*, 2015 WL 667984 (M.D. Fla. Feb. 17, 2015), but that decision appears to have been based on a misreading of §784.0485(1)(f), *see* Doc. 24 at 28 n.16, and it cannot be squared with a subsequent Eleventh Circuit decision that expressly "agree[d]" with the district court's "implicit[]" determination that it had subject-matter jurisdiction over a §784.0485 claim, *see Hammer v. Sorensen*, 824 F. App'x 689, 692 n.3 (11th Cir. 2020). The Court recognizes that the issue of subject-matter jurisdiction was not extensively discussed in *Hammer*, but the Eleventh Circuit was undoubtably aware of *Harvick* when reviewing the district court's implicit jurisdictional determination because the defendant's jurisdictional argument in the district court was based solely on *Harvick*. *See Hammer v. Sorensen*, Case No. 4:18cv329, ECF No. 28 at 6 (N.D. Fla. Sep. 20, 2018). Moreover, even if §784.0485(1)(f) could be construed to require petitions under that statute to be filed exclusively in state circuit court, that would not affect this Court's jurisdiction because a state statute cannot limit federal jurisdiction. *See Gross v. Weingarten*, 217 F.3d 208, 220-21 (4th Cir. 2000) ("In determining its own jurisdiction, a District Court of the United States must look to the sources of its power and not to the acts of states which have no power to enlarge or contract the federal jurisdiction."); *Hindes v. FDIC*, 137 F.3d 148, 168 n.15 (3d Cir. 1998) (holding that "a state statute cannot be applied so as to limit a federal court's supplemental jurisdiction" where the state statute required claims under it to be brought in state court); *Poarch v. City of Gatlinburg*, 1988 WL 79700, at *2 (6th Cir. July 29, 1988) (similar).

2

requirement) does not deprive the Court of jurisdiction over the action, but rather requires the Court to consider whether it has and should exercise supplemental jurisdiction over the other claims under 28 U.S.C. §1367. *Id.* ("Once the court determines it has original jurisdiction over the civil action, it can turn to the question whether it has a constitutional and statutory basis for exercising supplemental jurisdiction over the other claims in the action.").

Here, there is no question that the Court has original jurisdiction over the tort claims asserted in Counts I through IV because the second amended complaint plausibly alleges that the parties are citizens of different states and the amount in controversy in those claims exceeds $75,000. By contrast, it does not appear that the Court has original jurisdiction over the §784.0485 claim asserted in Count V because that statute creates a cause of action for injunctive relief, not monetary damages, and the value that Plaintiff would receive from an injunction under that statute is too speculative and immeasurable to satisfy the amount-in-controversy requirement. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002) ("The value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted.").

That does not mean that the Court cannot exercise jurisdiction over the §784.0485 claim because, under §1367(a), the Court has "supplemental jurisdiction

3

over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Claims form the part of the same case or controversy when they "derive from a common nucleus of operative fact." *Henley v. Payne*, 945 F.3d 1320, 1329 (11th Cir. 2019).

Here, the §784.0485 claim asserted in Count V appears to derive from the same nucleus of operative fact as the tort claims in Counts I through IV because all the claims asserted in the second amended complaint are based on the same videos and course of conduct by Defendant. Thus, the Court appears to have supplemental jurisdiction over the §784.0485 claim.

The Court is not required to exercise supplemental jurisdiction and it may decline to do so where:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c).

The Court previously expressed skepticism that §784.0485 claims should be litigated in federal court, but the Court also suggested "that ship [may have] sailed." Doc. 24 at 28 n.16.  However, upon further reflection, the reasons for the Court's skepticism appear to be "compelling reasons for declining jurisdiction" over Count V under §1367(c)(4).[2]

When deciding whether to decline to exercise supplemental jurisdiction under §1367(c)(4), a court must consider "the 'host of factors' outlined in *Gibbs*[3] and *Cohill*[4]: 'judicial economy, convenience, fairness, and comity.'" *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 532 (11th Cir. 2015) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).  On balance, these factors appear to weigh against exercising supplemental jurisdiction over Count V.

With respect to the first factor, judicial economy is "served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002).  This is particularly true where, as here, the claim in

---

[2] Defendant did not raise the issue of supplemental jurisdiction in his motion to dismiss, but the issues raised in the motion touch on some of the factors that are to be considered when deciding whether to exercise supplemental jurisdiction over the §784.0485 claim.  Moreover, it is well established that "the issue [of whether a district court should exercise supplemental jurisdiction] may be raised sua sponte." *Miller v. City of Fort Myers*, 424 F. Supp. 3d 1136, 1152 (M.D. Fla. 2020); *see also Wilk v. St. Lucie Cnty. Fla. Sheriff Off.*, 740 F. App'x 658, 661, 665 (11th Cir. 2018) (affirming district court's sua sponte decision to decline to exercise supplemental jurisdiction).

[3] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

[4] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).

5

Count V is based on a state statute that requires expedited procedures that are better suited for state court judges who, unlike federal court judges, regularly preside over statutory injunction dockets.[5]  Thus, the first factor appears to weigh against exercising supplemental jurisdiction over Count V.

With respect to the second factor, although §784.0485(1)(b) specifically contemplates that there may be other separate cases pending between the parties, "as far as the parties are concerned, it would be most convenient to try every claim in a single forum." *Ameritox*, 803 F.3d at 539.  Thus, the second factor appears to weigh in favor of exercising supplemental jurisdiction over Count V.

With respect to the third factor, requiring Plaintiff to pursue his §784.0485 claim in state court would not appear to be unfair because (1) "every litigant who brings supplemental claims in [federal] court knowingly risks the dismissal of those claims," *id.*; (2) this case is still in its early stages; and (3) Count V could likely be heard and resolved sooner in state court because state court judges routinely hear

---

[5] This Court is certainly capable of holding expedited hearings when necessary, but it is not bound by a state statute requiring expeditious processing of §784.0485 petitions because even though the Florida Legislature might have the authority to require state courts to "set a hearing [on the petition] at the earliest possible time," §784.0485(4), Fla. Stat., it does not have the authority to dictate to the federal courts when (or even whether) to hold a hearing on the petition.  Likewise, other provisions in §784.0485 would likely not be adhered to if petitions under that statute were allowed to proceed in federal court because the Florida Legislature cannot dictate what procedural and evidentiary rules that apply in a federal court hearing on the petition, *id.* at ¶(5)(b), Fla. Stat., the contents of a federal judge's order resulting from the hearing, *id.* at ¶(6)(b), (6)(e), who can be present with the parties in a federal court hearing, *id.* at ¶(7), or how a federal court clerk must process petitions and orders, *id.* at ¶¶(2)(a), (2)(c), (8).  All of these provisions appear to be important to the operation of §784.0485, and if federal courts do not have to adhere to them, it does not make much sense for claims under the statute to be heard in federal court.

these cases on an expedited basis, §784.0485(4), Fla. Stat. Moreover, even if Plaintiff cannot pursue his §784.0485 claim in this Court, that would not necessarily preclude him from obtaining injunctive relief as part of the disposition of one of the other claims in this case, if warranted—although he would have to (but likely cannot) demonstrate irreparable harm to obtain preliminary injunctive relief on a timeframe similar to that in §784.0485. Thus, the third factor appears to weigh against exercising supplemental jurisdiction over Count V.

With respect to the fourth factor, "[i]t is a bedrock principle that '[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'" *Ameritox*, 803 F.3d at 540 (quoting *Gibbs*, 383 U.S. at 726) (alteration in original). Here, although this Court is certainly capable of interpreting and applying the statutory definitions that govern the §784.0485 petition, the principle of comity would be best served by a state court judge who regularly presides over a statutory injunction docket deciding the merits of Count V. Thus, the fourth factor appears to weigh in favor of declining to exercise supplemental jurisdiction over Count V.

That said, the Court will keep an open mind on each of these factors—and the ultimate jurisdictional determination—until the parties have an opportunity to file supplemental briefs addressing the issues discussed above. Those briefs need to be

7

filed on an expedited basis so the parties will know whether the §784.0485 claim in Count V will be part of this case or not sooner rather than later.

Accordingly, on the Court's own motion, it is **ORDERED** that:

1. The parties shall file supplemental briefs addressing the jurisdictional issue discussed above.

2. Plaintiff's supplemental brief shall be filed no later than 7 days after the date of this Order, and Defendant's supplemental brief shall be filed no later than 7 days after Plaintiff's brief is filed.

3. The supplemental briefs may not exceed 5,000 words.

**DONE and ORDERED** this 4th day of April, 2024.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**