**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

|  |  |  |
|---|---|---|
| ALLAN A. KASSENOFF, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:23-cv-24085-TKW-ZCB |
| v. | ) ) ) | |
| ROBERT HARVEY, | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) | |

**PLAINTIFF/PETITIONER'S NOTICE IN RESPONSE TO ORDER
REQUIRING SUPPLEMENTAL BRIEFING**

Plaintiff/Petitioner Allan A. Kassenoff ("Plaintiff") respectfully submits this Notice in Response to the Court's Order Requiring Supplemental Briefing (Dkt. 35). On February 21, 2024, Plaintiff filed his Verified Second Amended Complaint and Petition For Injunction For Protection Against Stalking (Dkt. 27, the "Second Amended Complaint"). Count V of the Second Amended Complaint was Plaintiff/Petitioner's Petition For Injunction For Protection Against Stalking. On March 14, 2024, Defendant/Respondent Robert Harvey ("Defendant" or "Harvey") filed a Motion to Dismiss Count V of Plaintiff/Petitioner's Second Amended Complaint/Petition For Injunction For Protection Against Cyberstalking and Harassment (Dkt. 33, the "Second Motion to Dismiss"). Specifically, Harvey argued, *inter alia*, that "this Court does not have subject matter jurisdiction over a petition for relief under §784.0485, Fla. Stat." (Second Motion to Dismiss at 2).

On April 4, 2024, the Court issued its Order Requiring Supplemental Briefing (Dkt. 35, the "Order"). In its Order, the Court explained that it "does not find the jurisdictional argument raised in Defendant's [second] motion to dismiss to be persuasive," but "has another jurisdictional concern with Count V." (*Id.* at 1-2). Specifically, the Court noted that although it "appears to have supplemental jurisdiction over the §784.0485 claim," it preliminarily concluded that the relevant "factors appear to weigh against exercising supplemental jurisdiction over Count V." (*Id.* at 4-5). Accordingly, the Court requested supplemental briefing on the issue of

1

supplemental jurisdiction.  (*Id.* at 7-8).

As an initial matter, Plaintiff agrees with the Court that supplemental jurisdiction exists over the cyberstalking claim.  Plaintiff, however, respectfully disagrees with the Court's preliminary conclusion that it should decline to exercise such jurisdiction.  That being said, Plaintiff acknowledges and appreciates the Court's observation that "Count V could likely be heard and resolved sooner in state court because state court judges routinely hear these cases on an expedited basis, §784.0485(4), Fla. Stat." (*Id.* at 6-7).  Based upon the Court's observation, on April 5, 2024, Plaintiff filed a Petition For Injunction For Protection Against Stalking (the "Petition") in the Circuit Court Of The First Judicial Circuit, In And For Escambia County, Florida (the "State Court").  Later that day, the State Court scheduled a hearing on Plaintiff's Petition for April 17, 2024.  Because the State Court will be conducting a hearing on Plaintiff's cyberstalking claim in less than two weeks, there is simply no reason to maintain that claim in this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff is no longer seeking to proceed with his cyberstalking claim (Count V) in this Court and therefore does not oppose this Court declining to exercise supplemental jurisdiction over the claim.

2

DATED:  April 8, 2024                     Respectfully submitted,

By: */s/ Allan A. Kassenoff*
Allan A. Kassenoff, Esq. (admitted *pro hac vice*)
NY State Bar # 2964575
161 Beach Avenue
Larchmont, NY 10538
andrewka1973@outlook.com
(917) 623-8353

*Attorney for Plaintiff Allan A. Kassenoff*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I certify that Plaintiff/Petitioner's Notice in Response to the Court's Order Requiring Supplemental Briefing complies with the word limit set forth in the Court's Order Requiring Supplemental Briefing (Dkt. 35) as it contains 425 words according to the word count function of Microsoft Word.

*/s/ Allan A. Kassenoff*
Allan A. Kassenoff

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 8, 2024, a true and correct copy of the foregoing document was uploaded to the Court's CM/ECF system, which will send a notice of electronic filing to all parties by operation of the system.

                                        */s/ Allan A. Kassenoff*
                                        Allan A. Kassenoff